UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-363-KSF

HEIDI K. ERICKSON                                                             PLAINTIFF

v.                                    **OPINION & ORDER**

RAYMOND MARK NEWBERRY,
*et al.*                                                             DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Heidi K. Erickson, has filed this *pro se* action against the defendants asserting various federal and state claims related to her residential lease. This matter is before the Court *sua sponte* for initial screening. When screening a *pro se* complaint, the complaint is held to less stringent standards than those composed by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, Rule 8(a) of the Federal Rules of Civil Procedure still requires a *pro se* plaintiff's complaint to include: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for relief the pleader seeks. This Court is authorized to dismiss *sua sponte* a complaint that is filed *in forma pauperis* at any time if the action is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *Williams v. Johnson*, 55 Fed. Appx. 736 at \*2 (6th Cir. 2003). In such circumstances, the court has no discretion to permit the plaintiff to amend the complaint in order to avoid dismissal. *Id*.

While this action is Erickson's first action filed in this district, the Court notes that she has an extensive litigation history in the federal court in Massachusetts as well as the United States

Supreme Court and has apparently been enjoined from proceeding in these courts without prior approval. *See Erickson v. Lau*, 130 S.Ct. 2412 (May 30, 2010); *Erickson v. Massachusetts*, 2010 WL 2332153 (D.Mass. June 4, 2010). In the action currently pending in this Court, Erickson alleges that she is a full-time student, is permanently disabled, and is a qualified participant in the Federal Section 8 program of the United States Department of Housing and Urban Development ("HUD"). She has named as defendants Raymond Mark Newberry, the landlord of her residence in Paris, Kentucky, and the Paris-Bourbon County Community Development Agency. Erickson alleges that she entered into a lease with Newberry in May 2010 which requires Newberry to comply with federal regulations and accept Section 8 subsidies pursuant to HUD's Housing Choice Voucher Program. According to the Housing Assistance Payments Contract (the "HAP contract") entered into by the Paris-Bourbon County Community Development Agency and Newberry in conjunction with Erickson's lease, the Paris-Bourbon County Community Development Agency is responsible to administering HUD's Section 8 program.

Erickson then alleges that the Paris-Bourbon County Community Development Agency issued a notice of abatement to Newberry for failing to comply with certain provisions of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and notified her that beginning October 31, 2010 it will withhold its portion of the rent pursuant to the lease and the HAP contract. As a result, Erickson contends that she must either move to a new housing project that is ADA certified, or make up the lost rent subsidy directly to Newberry. She seeks injunctive relief and monetary relief.

Even if Erickson's allegations are true, she has not presented a federal cause of action. Her first claim alleges that Newberry breached a federal contract. However, the fact that her lease requires adherence to federal law does not present a federal question. Federal question jurisdiction

under 28 U.S.C. § 1331 exists in two basic categories of cases. First, a claim "arises under" federal law and there is federal-question jurisdiction when federal law creates the cause of action. Second, a claim "arises under" federal law when the plaintiff's right to relief on a state law cause of action necessarily depends on the resolution of a substantial question of federal law, i.e., federal law is a necessary element of a well-pleaded state law claim. *Christianson v. Colt Industries*, 486 U.S. 800, 808 (1988); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 806, n. 2; *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). Here, Erickson's complaint simply amounts to a lease dispute governed by state law. Additionally, Part B of the HAP contract between Newberry and the Paris-Bourbon County Community Development Agency explicitly states that Erickson is not a "party or a third party beneficiary of Part B of the HAP contract. The family [Erickson] may not enforce any provision of Part B, and may not exercise any right or remedy against the owner [Newberry] or PHA [Paris-Bourbon County Community Development Agency] under Part B." [DE #1-2]. Thus, neither the lease agreement nor the HAP contract provide Erickson with a federal right of action. Moreover, her lease dispute does not require the resolution of a substantial question of federal law. As a result, there is no federal question with respect to her lease, and this claim will be dismissed with prejudice.

In her second claim, Erickson alleges that Newberry discriminated against her on the basis of her disability by failing to maintain the property and that the Paris-Bourbon County Community Development Agency discriminated against her when it terminated Newberry's ADA certification. However, Erickson has not shown that she has exhausted her administrative remedies. Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the Equal Employment Opportunity Office within 300 days of the alleged discrimination. *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a)(adopting Title VII enforcement

scheme and remedies for ADA); *Peete v. Am. Standard Graphic*, 885 F.2d 331, 331-32 (6th Cir. 1989). An individual may not file a suit under the ADA if she does not possess a right-to-sue letter from the EEOC because she has not exhausted her remedies. 42 U.S.C. § 12117(a). The purpose of this exhaustion requirement is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court. *See Antol v. Perry*, 82 F.3d 1291, 1296 (3rd Cir. 1996). There is no indication that Erickson has filed any claim with the EEOC related to this action. Accordingly, this claim can be dismissed without prejudice for failure to exhaust administrative remedies. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000).

Finally, Erickson's third claim asserts a state law tort claim for outrage. Without any remaining federal claim, this court lacks jurisdiction over this state law claim and it will be dismissed without prejudice. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). Accordingly, the Court hereby **ORDERS** as follows:

(1) Plaintiff's first claim for breach of a federal contract is **DISMISSED WITH PREJUDICE**;

(2) Plaintiff's second claim for discrimination and her third claim for outrage are **DISMISSED WITHOUT PREJUDICE**;

(3) All motions that remain pending in this action are **DENIED**; and

(4) This matter is **STRICKEN** from the Court's active docket.

This October 26, 2010.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**