UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-363-KSF

HEIDI ERICKSON                                                                                    PLAINTIFF

v.                                              **OPINION & ORDER**

RAYMOND MARK NEWBERRY, *et al*                                              DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the *pro se* plaintiff, Heidi Erickson, to vacate judgment [DE #11]. Specifically, Erickson claims that the Court's October 26, 2010 Opinion & Order dismissing her *pro se* Complaint as frivolous contains both factual and legal errors. For the reasons set forth below, Erickson's motion will be denied.

Erickson's motion to vacate clarifies that her Complaint is based on Title II and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131, *et seq*. This Court dismissed her Complaint, in part, due to the fact that she failed to exhaust her administrative remedies as required by Title I of the ADA. Because her Complaint is based on Title II and Title III of the ADA, neither of which require exhaustion of administrative remedies, she contends that the earlier judgment should be vacated.

Title II of the ADA provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42

1

U.S.C. § 12132. A public entity is a state or local government or "any department, agency, special purpose district, or other instrumentality of a State or States or local governments." 42 U.S.C. § 12131. Title II, however, does not provide for individual capacity suits against state officials. *See Sullivan v. River Valley School* District, 197 F.3d 804, 808, n.1 (6th Cir 1999); *Wathen v. General Electric Co.*, 115 F.3d 400, 404-05 n.6 (6th Cir. 1997). Thus, Erickson's claims against the individual defendants cannot proceed under Title II.

Erickson's claims against the public defendant, the Bourbon County Community Development Agency, also cannot proceed because Erickson has failed to set out a prima facie case. To establish a violation of Title II of the ADA, a plaintiff must show that "(1) she has a disability; (2) she is otherwise qualified; and (3) she is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of her disability." *Dillery v. City of Sandusky,* 398 F.3d 562, 567 (6th Cir. 2005)(citing *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003). Nowhere in Erickson's Complaint does she allege that the Bourbon County Community Development Agency has taken any action solely because of, or by reason of, her disability. Instead, her Complaint merely alleges that the Bourbon County Community Development Agency has taken steps to terminate its Housing Assistance Contract with Newberry, her landlord, as a result of his failure to maintain the premises pursuant to HUD's Housing Quality Standards, 24 U.S.C. § 982.401, *et seq.* She notes a problem with a toilet and a leaky kitchen faucet sprayer as examples of needed repairs, but her Complaint simply fails to link her alleged disability in any way with the Bourbon County Community Development Agency's decision to terminate the contract. Accordingly, her claim under Title II fails.

Title III of the ADA provides, in pertinent part:

2

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). It also provides:

> The following private entities are considered public accommodations for purposes of this subchapter, if the operations of such entities affect commerce -
> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor.

42 U.S.C. § 12181(7). By the language of the statute, residential facilities are not covered by Title III. *See* H.R.Rep. No. 101-485(II), at 100 (1990)("Only nonresidential facilities are covered by [Title III]"). Thus, Erickson's claims cannot proceed under Title III of the ADA.

Erickson's motion to vacate also challenges this Court's previous ruling that neither the lease agreement nor the Housing Assistance Payments Contract provide her with a federal right of action. The Court has previously addressed this argument, and nothing in Erickson's motion to vacate justifies reconsideration of this issue.

Finally, Erickson's motion to vacate sets out various alleged factual errors contained in the Court's Opinion & Order. These alleged errors do not affect the Court's legal conclusions. Nor does Erickson's attempt to amend her complaint [DE #12] change this Court's rulings. The Court is authorized to dismiss *sua sponte* a complaint that is filed *in forma pauperis* at any time if the action is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). In this case, the Court has no discretion to permit the plaintiff to amend her complaint in order to avoid dismissal. *Williams v. Johnson*, 55 Fed.Appx. 736 at *2 (6th Cir. 2003). For these reasons, Erickson's motion to vacate will be denied.

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)     Erickson's motion to vacate [DE #11] is **DENIED**; and

(2)     all remaining motions [DE #12, 13, and 14 ] are **DENIED AS MOOT**.

This November 15, 2011.

Signed By:
*Karl S. Forester*   KSF
**United States Senior Judge**

4